# UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

| UNITED STATES OF AMERICA, | ) |   |
|---|---|---|
| Plaintiff, | ) |   |
| v. | ) | Case No. 14-CR-0154-CVE |
| CORRY DONTA PURIFY, | ) |   |
| Defendant. | ) |   |

## OPINION AND ORDER

Now before the Court is defendant's motion for revocation of detention order. Dkt. # 21.[1] On September 9, 2009, a detention hearing was held before Magistrate Judge Frank H. McCarthy, and he ordered defendant be detained pending trial. Dkt. # 19. Defendant seeks to revoke the magistrate judge's order, and the Court held a hearing on the motion on September 26, 2014. The parties presented no testimony and instead relied upon the transcript of the detention hearing held before the magistrate judge.

### I.

On August 13, 2014, defendant was one of more than fifty individuals named in a fifth superseding indictment in United States of America v. Lorell Antonio Battle et al., 13-CR-028-JED. Plaintiff is charged in that case in a drug conspiracy (count 1), with maintaining drug-involved premises (counts 31 and 32), and with use of a communication facility as part of a drug trafficking felony (counts 153, 176, 177, and 179). Battle, Dkt. # 305. At his initial appearance and thereafter

---

[1] Defendant originally filed this motion as an objection to magistrate judge's order of detention. However, defendant confirmed at the hearing before this Court that he is seeking revocation of a detention order under 18 U.S.C. § 3145(b). The Court has instructed the Court Clerk to correct the name of defendant's filing.

at his arraignment in that case, the government did not move for detention and defendant was released on bond and other conditions. Battle, Dkt. ## 305, 306, 470.

On August 29, 2014, a complaint was filed in this case against defendant, charging him with felon in possession of a firearm and ammunition, in violation of 18 U.S.C. § 922(g)(1) and § 924(a)(2) (count one), and maintaining a drug-involved premises, in violation of 21 U.S.C. § 856 (count two). Dkt. #1. The government moved for detention pending trial, Dkt. ## 3, 5, and requested a hearing on the grounds that one offense charged involved the use of a firearm and that defendant's release would pose a serious danger to the safety of others or the community. Dkt. # 4. Defendant was arraigned on September 2, 2014, and the Court appointed counsel for defendant at that time. Dkt. # 7. A detention hearing in this case was held on September 9, 2014.

At that detention hearing, the government called one witness, Federal Bureau of Investigation Special Agent Charles L. Jones. Dkt. # 26, at 6. Special Agent Jones was one of the agents involved in the Battle conspiracy investigation, and he had conducted first-hand surveillance of defendant Corry Donta Purify as part of that investigation. Id. at 7, 44. He also was familiar with intercepted telephone calls made by members of the alleged conspiracy that either discussed defendant or were made or received by defendant. Id. at 12. Agent Jones testified that the intercepted calls concerned drug trafficking, and he described a number of specific calls, including: a call in which alleged conspirators said that defendant Purify was waiting for a shipment of drugs, id. at 13; a call in which defendant discussed hiding and transporting drugs, id. at 15; and several calls between defendant and an alleged supplier of narcotics in which the two conversed about defendant's distribution of drugs, id. at 15-18. In other calls, defendant can be heard discussing gang activity. Id. at 20-23.

The investigation associated defendant with two residences in Tulsa, Oklahoma, one at 9124 East 49th Street (the 49th Street house) and another at 2756 South 114th East Avenue (the 114th East Avenue house). Id. at 11-12. Agent Jones testified that the 49th Street house was defendant's residence, while the 114th East Avenue house was his "stash house." Id. at 7, 10-11. On August 19, 2014, officers executed search warrants at both houses. Id. at 9-10. Inside the 49th Street house, officers found and arrested defendant, and during the ensuing search they recovered firearms, including a stolen firearm. Id. at 9-10. Outside the 114th East Avenue house, officers discovered a truck containing paperwork with defendant's name, id. at 11, as well as what Agent Jones stated were defendant's keys. Id. at 45. Previously, investigators had observed defendant driving the truck to and from the 114th East Avenue house. Id. at 11. Inside the 114th East Avenue house, the officers found cocaine, Ecstasy, marijuana, codeine, drug packaging materials, drug scales, and a loaded handgun. Id. After being arraigned in the Battle case and then released on bond on August 19, 2014, defendant was arrested again on August 29, 2014 on the complaint in this case. Id. at 10. No firearms were recovered during the second arrest. Id. However, he had $2,688 in cash on his person at the time of arrest. Id. at 9.

Agent Jones also testified as to defendant's criminal history. Beginning in 1998, defendant was arrested on various drug or firearm offenses eight times (1998, 1999, 2000, 2002, 2004, and three times in 2008). Id. at 24-29. As a result, defendant had accumulated five felony drug convictions, four for possession of a controlled substance and one for distribution of a controlled substance. Id. at 32-33. He also has pled guilty to other crimes, including driving while under the influence of alcohol. Id. at 33. He had been in the custody of the Oklahoma Department of Corrections for a total of six years. Id. at 52.

On cross-examination, the agent admitted that the guns with which defendant is charged in count one in this case were found during the search on August 19, 2014. Id. at 35. No firearms were present when defendant was arrested on August 29, 2014 on the complaint in this case. Id. He also stated that the 114th East Avenue house was listed in the fifth superseding indictment in the Battle case as a house that many members of the conspiracy would use. Id. at 37-38. He admitted that defendant is also charged with maintaining a drug-involved premises in the Battle case, counts 31 and 32. Id. at 39. In fact, the premises on which count two is based in this case are the same as one of those charged in the Battle case. Id. Agent Jones also admitted that the 49th Street house was owned by another person and that the owner's mother likely still had a key to the house, though he believed that both the owner and the owner's mother live in California. Id. at 43-44

At the hearing on this motion for revocation of detention order, the government admitted that it made a mistake in not seeking defendant's detention in the Battle case, stating that, with the sheer number of defendants arrested on August 19, 2014, defendant's case simply escaped notice. The United States Probation Officer present at the hearing on this motion stated that his original recommendation, made at defendant's initial appearance in the Battle case, was for detention.

**II.**

Under 18 U.S.C. § 3145(b), a criminal defendant who has been detained pending trial may "file, with the court having original jurisdiction over the offense, a motion for revocation or amendment of the order." The Tenth Circuit requires this Court to conduct de novo review of a magistrate judge's detention order. United States v. Cisneros, 328 F.3d 610, 616 n.1 (10th Cir. 2003). A district court has the discretion to hold an evidentiary hearing if it determines that additional evidence is necessary, or it may rule on the written pleadings and evidence if the factual

4

record is sufficient. United States v. King, 849 F.2d 485, 490-91 (11th Cir. 1988); United States v. Williams, 753 F.2d 329, 334 (4th Cir. 1985). The Court has reviewed the pleadings, as well as the transcript (Dkt. # 26) of the detention hearing before the magistrate judge. As stated, the parties presented argument and no additional evidence at the hearing on this motion for revocation of detention order.

At the hearing on this motion, the government invoked the presumption, pursuant to 18 U.S.C. § 3142(e), that no conditions of release will assure defendant's appearance and the safety of the community[2] See 18 U.S.C. § 3142(e) ("Subject to rebuttal by the person, it shall be presumed that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community if the judicial officer finds that there is probable cause to believe that the person committed an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act . . . ."); see also United States v. Silos, No. 08-CR-0051-006-CVE, 2008 WL 2074067, at *3 n.3 (N.D. Okla. May 14, 2008). When the presumption is invoked, the burden shifts to the defendant to produce evidence rebutting the presumption. United States v. Stricklin, 932 F.2d 1353, 1354 (10th Cir. 1991). The defendant's burden of production is not heavy, but some evidence must be produced. Id. at 1355. Even if the

---

[2] In the initial hearing before the magistrate judge, the parties represented that the case did not carry a presumption of detention. Dkt. # 26, at 49, 50. However, at that time the parties and the magistrate judge appeared to focus exclusively on defendant's felon-in-possession charge, ignoring the drug-involved premises charge. While the former does not carry a presumption, United States v. Rogers, 371 F.3d 1225, 1230 (10th Cir. 2004), the latter does. Maintaining a drug-involved premises, punishable by up to twenty years in prison under 21 U.S.C. § 856, is "an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act (21 U.S.C. 801 et seq.)." 18 U.S.C. § 3142(e)(3)(A). Thus, the drug-involved premises charge gives rise to the presumption of detention, even though the firearm charge does not.

defendant satisfies his burden of production, "the presumption remains a factor for consideration by the district court in determining whether to release or detain." Id. At all times, the burden of persuasion remains with the government. United States v. Cook, 880 F.2d 1158, 1162 (10th Cir. 1989).

Applying the de novo standard of review, the Court will consider the factors stated in 18 U.S.C. § 3142(g) to determine whether defendant has rebutted the presumption of detention. Assuming defendant rebuts the presumption, the Court must also determine if there are conditions of release that will ensure that defendant will appear as required and protect the safety of the community. In a presumption case, the defendant has the burden of production. The first factor to consider is the "nature and circumstances of the offense charged," and specifically courts are told to look to "whether the offense ... involves a minor victim or a controlled substance, firearm, explosive, or destructive device." 18 U.S.C. § 3142(g)(1). Defendant has been charged with both a drug offense and a firearm offense, two of the types of offense singled out by statute as "particularly significant." United States v. Vorrice, 277 F. App'x 762, 764 (10th Cir. 2008).[3] This factor supports detention.

The second statutory factor is the weight of the evidence against the defendant. 18 U.S.C. § 3142(g)(2). For this factor, the government points to the recovery of the firearms from the house where defendant was arrested, his regular trips to and from the 114th East Avenue house, and the fact that his truck was parked in front of the 114th East Avenue house. Dkt. # 26, at 9, 11. Defendant presented two facts in his favor. First, the firearms for which he is charged were not found in his

---

[3]  Unpublished decisions are not precedential, but they may be cited for their persuasive value. See FED. R. APP. 32.1; 10TH CIR. R. 32.1.

physical possession when he was arrested on the complaint in this case; in fact, they were found when he was arrested as part of the Battle drug conspiracy. Id. at 50. Second, many of the Battle alleged co-conspirators had involvement with the 114th East Avenue house. This is not clearly a factor supportive of detention.

The third factor directs the Court to consider the "history and characteristics" of the accused. § 3142(g)(3). More specifically,

> (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and
> (B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law . . .

Id. § 3142(g)(3)(A)-(B). Defendant points to his long residence in Tulsa and his ties to the community, the fact that he was released on conditions in the Battle case, and the fact that in the past he has always appeared when facing criminal charges. Dkt. # 26, at 50-51. The government focuses on defendant's extensive criminal history, including previous drug and firearm arrests, his connection to the overarching Battle conspiracy to distribute drugs, and the fact that he is facing punishment of up to thirty years in this case.[4] Id. at 50. This factor favors detention.

The fourth and final statutory factor is "the nature and seriousness of the danger to any person or the community that would be posed by the person's release." § 3142(g)(4). Defendant argues that he is not a danger to the community, with the best evidence being that the government did not seek to have him detained in Battle, where he faces much more significant charges than in

---

[4] The Court also notes that defendant faces a possible life sentence if convicted of the drug conspiracy in the Battle case.

the present case. In addition, during the 10-day period of his release, he reported to the Probation Office and he argues that he engaged in no negative behavior. The government admitted at the hearing before this Court that it made a mistake in not seeking detention in <u>Battle</u>. The government relies on its argument below, where it focused on defendant's many drug convictions, his use of firearms, and his gang activity, Dkt. # 26, at 50, as well as the $2,688 on defendant's person at the time of his arrest in this case. This final statutory factor weighs in favor of detention.

Upon consideration of the evidence and the § 3142(g) factors, the Court finds that defendant has not presented sufficient evidence to rebut the presumption of detention and should be detained pending trial as a danger to the community.[5] Even if defendant had successfully rebutted the presumption, the evidence here would still weigh in favor of detention. Defendant has been involved in gang activity and is an alleged member of a sophisticated conspiracy to traffic in narcotics. As part of his activities, defendant has had access to and used firearms. He has a criminal history stretching back sixteen years, with five felony convictions. Additionally, defendant is facing up to thirty years in prison if convicted of both counts in this case, which is substantially more time than he has faced in the past. While defendant has previously appeared for all hearings, he has never before faced a sentence similar to the sentence he faces in this case. These facts, in conjunction with the unrebutted presumption of detention, persuade the Court that defendant is a danger to the community. Under these circumstances, the Court does not find that any combination of conditions,

---

[5] Although the Court pointed out at the hearing that the presumption may be invoked as to defendant's potential as a flight risk, the government proceeded on a theory of danger to the community only. The Court notes that "drug traffickers pose special flight risks" because of their resources and foreign contacts. <u>United States v. Palmer-Contreras</u>, 835 F.2d 15, 17 (1st Cir. 1987). However, because the Court decides this case on the issue of danger to the community, the Court need not reach defendant's status as a possible flight risk.

even including electronic monitoring, will reasonably assure the safety of the community. Pursuant to § 3142(e), the Court finds that defendant should be detained pending trial.

## CONCLUSION

**IT IS THEREFORE ORDERED** that defendant's motion for revocation of detention order, Dkt. # 21, is **denied**.

**DATED** this 26th day of September, 2014.

CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE